UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DECIO SILVEIRA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-2757 |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is Defendant CitiMortgage, Inc's ("Citi") motion to dismiss Plaintiff Decio Silveira's original state court petition. Doc. 5. Silveira filed his original petition in the 215th Judicial District Court of Harris County on June 21, 2011, asserting two causes of action, for a declaratory judgment and a preliminary injunction, against Citi. Doc. 1-3. On July 27, Citi removed the case to this Court alleging diversity jurisdiction (Doc. 1) and on August 3 filed a motion to dismiss under Rule 12(b)(6), asserting that Silveira's original petition "fails as a matter of law and because Plaintiff has not, nor can he, allege facts necessary to support [his claims]." Doc. 5.

Having considered Citi's motion, the facts alleged, and the relevant law, the Court grants Citi's motion to dismiss.

Background

As alleged in his original petition, Silveira owns a piece of real property in Katy, Texas. Doc. 1-3 at 2. Although he does not state as much, it appears from his complaint that Silveira obtained a mortgage to finance the property purchase. In early February, 2002, Silveira executed a promissory note and deed of trust in favor of Southtrust Mortgage Corporation to secure that mortgage. *Id.*

Silveira alleges that Citi has asserted that it is the current holder of the note and deed of trust with authority to receive mortgage payments and the power to foreclose on Silveira's property. *Id.* In response to "representations by Defendant," Silveira began making mortgage payments to Citi. *Id.* Silveira states that he has sought to verify the validity of Citi's claim that it is the holder of the note and deed of trust and that Citi has refused to provide any documentation of its status as the note holder. *Id.* at 3. Nevertheless, Citi apparently has attempted to foreclose on Silveira's property.

On June 21, 2011, Silveira filed his original petition against Citi in state court. In that petition, Silveira asserted two claims for equitable relief. In his first claim for declaratory relief under Chapter 37 of the Texas Civil Practice and Remedies Code ("Texas Declaratory Judgment Act"), Silveira sought a declaratory judgment that "Defendant is not the owner or holder of the Mortgage; . . . [and] declares which party is the current Holder of the Mortgage, . . . [and] the amount owed, if any[,] on the Mortgage." *Id.* at 4.

In his second claim, Silveira requested a permanent injunction ordering Citi to "desist and refrain from entering and taking possession of the Home or otherwise interfering with Plaintiff's right to the quiet enjoyment and use of the Home; proceeding with or attempting to sell or foreclose upon the Home; and, attempting to purchase, transfer, assign or collect on the Mortgage." *Id.* at 5.

Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in

conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556.

Analysis

In his original petition, Silveira asserted only two causes of action: a claim for declaratory judgment under the Texas Declaratory Judgment Act and a claim for injunctive relief.

The Texas Declaratory Judgment Act, like the federal Declaratory Judgment Act, is remedial only and "does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources*, 99 F.3d 746, 752 n.3 (5th Cir. 1996)(citing.*Exxon Corp. v. Burglin,* 4 F.3d 1294, 1302 (5th Cir. 1993)). Here, Silveira has asserted no independent cause of action but seeks only a declaration of rights. Because Silveira has asserted no independent cause of action on which to base his claim for declaratory relief, the Court must dismiss his claim.

Likewise, under Texas law, "[i]njunctive relief is simply a form of equitable remedy." *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, *4 (N.D.Tex. 2010)(citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex.App. 2008). To sustain a claim for injunctive relief, a plaintiff first must plead a viable underlying cause of action. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Because Silveira has not pleaded any viable cause of action, his claim for a permanent injunction must be denied.

Silveira's claims are based on the assumption that Citi lacks the legal authority to foreclose on Silveira's property without proof that it is "the current owner or holder in due course of the Note." Doc. 1-3 at 4. Texas law does not require a mortgage servicer such as Citi to be a holder of the note in order to foreclose on the Property. *Sawyer v. MERS*, 2010 WL 996768 *3 (N.D. Tex. February 1, 2010).

Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Defendant CitiMortgage, Inc's motion to dismiss Plaintiff Decio Silveira's original state court petition (Doc. 5) is **GRANTED**. This case is **DISMISSED** for failure to state a claim.

SIGNED at Houston, Texas, this 8th day of February, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE